UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD WHITE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:20-cv-03354 (UNA) |
| EDWARD MARKEY, | ) |
| Defendant. | ) |

**<u>MEMORANDUM OPINION</u>**

This matter is before the court on its initial review of plaintiff's untitled initiating pleading and application for leave to proceed *in forma pauperis*.[1] The court will grant the *in forma pauperis* application and dismiss the case because the it fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, and fails to establish subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that the subject matter jurisdiction is wanting).

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and

---

[1] The court takes judicial notice of a contemporaneously filed and substantially similar matter that plaintiff has filed in this court against the same defendant. *See White v. Markey*, No. 20-cv-03316 (UNA) (D.D.C. filed Nov. 16, 2020).

determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff, a resident of Pittsburgh, Pennsylvania, sues a United States Senator. He contends that defendant "was willfully in receipt of [untraceable] dark money used to influence social media which ultimately served to buy votes." He does not request specific relief from this court, rather, he indicates that "disclosure of campaign donations received by [defendant] are to be fully described subsequent to an audit made by the IRS."

These allegations fail to meet the minimum pleading standard set forth in Rule 8(a). More specifically, the rambling conspiracy claims comprising the pleading fail to provide adequate notice of any claim. The causes of action, if any, are completely undefined. The pleading also fails to set forth allegations with respect to this court's jurisdiction, or a valid basis for an award of damages. In fact, it is unclear what damages plaintiff actually seeks.

Plaintiff has also failed to plead facts to establish his standing to sue, and "the defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987); *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (noting that "the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III"). Federal courts only have subject matter jurisdiction if there is a "Case" or "Controvers[y]" to be decided, U.S. Const. Art. III, § 2, and in the absence of any actual or threatened injury, no such case or controversy exists. The alleged "injury must be 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.' " *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149–50 (2010)). Here, plaintiff has not shown what, if any, injury he sustained as a result of these allegations. Further, "generalized

grievances . . . shared in substantially equal measure by . . . a large class of citizens . . . does not warrant exercise of jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

To the extent that plaintiff seeks to compel an Internal Revenue Service ("IRS") audit or criminal investigation by federal agencies, he may not do so by filing a complaint with this court. *See Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987) (per curiam); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982). The Executive Branch has absolute discretion to decide whether to conduct an investigation or prosecute a case and such decisions are not subject to judicial review. *United States v. Nixon,* 418 U.S. 683, 693 (1974); *see also Powell*, 359 F.2d at 234–35; *Shoshone–Bannock Tribes*, 56 F.3d at 1480–81. "[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985). Furthermore, an IRS audit is generally considered a "law enforcement" activity. *See EduCap Inc. v. IRS*, No. 07–2106 (RMC), 2009 WL 416428 at *4 (D.D.C. Feb. 18, 2009).

For all of the above reasons, this case will be dismissed. A separate order accompanies this memorandum opinion.

Date: December 16, 2020

*Christopher R. Cooper*
CHRISTOPHER R. COOPER
United States District Judge